**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 115357

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Aharon Friedman, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　　　　vs.<br><br>M.L. Zager, P.C.,<br><br>　　　　　　　　Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Aharon Friedman, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against M.L. Zager, P.C. (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1.　This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.　This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.　Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.　At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Aharon Friedman is an individual who is a citizen of the State of New York residing in Rockland County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant M.L. Zager, P.C., is a New York Professional Corporation with a principal place of business in Sullivan County, New York.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal medical services and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated January 22, 2018. (**Exhibit 1.**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

17. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

18. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

19. 15 U.S.C. § 1692e(3) prohibits a debt collector from using the false representation or implication that any individual is an attorney or that any communication is from an attorney.

20. The Letter is on the letterhead of "The Law Offices of M.L. Zager, P.C."

21. The Letter identifies Defendant as a debt collector.

22. Defendant was acting as a debt collector, as defined by the FDCPA, concerning

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

Plaintiff's alleged debt.

23. No attorney employed by Defendant had any meaningful involvement in the day-to-day collection of Plaintiff's alleged debt.

24. The Letter's signature block is for "M.L. Zager, P.C.," rather than any specific attorney.

25. The Letter's signature block is unsigned.

26. The Letter contains no disclaimer concerning the lack of attorney involvement in the collection of Plaintiff's alleged debt.

27. The Letter misleads consumers into believing that there is meaningful attorney involvement in the collection of the debt.

28. The least sophisticated consumer would likely be deceived by Defendant's conduct.

29. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

30. The least sophisticated consumer would likely be deceived into believing that an attorney had meaningful involvement in the collection of the alleged debt.

31. Defendant has violated 15 U.S.C. § 1692e(3) by falsely implying that its collection letter is a communication from an attorney.

## CLASS ALLEGATIONS

32. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a collection letter substantially similar to the Letter herein, from one year before the date of this Complaint to the present.

33. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

34. Defendant regularly engages in debt collection.

35. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a collection letter substantially similar to the Letter herein.

36. Plaintiff's claims are typical of the claims of the Class. Common questions of law

3

or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

37. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

38. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

39. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

      f. Grant Plaintiff's costs; together with

      g. Such other relief that the Court determines is just and proper.

DATED: August 29, 2018

                              **BARSHAY SANDERS, PLLC**

                              By: _/s/ *Craig B. Sanders*_____
                              Craig B. Sanders, Esq.
                              100 Garden City Plaza, Suite 500
                              Garden City, New York 11530
                              Tel: (516) 203-7600
                              Fax: (516) 706-5055
                              csanders@barshaysanders.com
                              *Attorneys for Plaintiff*
                              Our File No.: 115357